UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN G. MATTESON,<br><br>　　　　　　　　Respondent. | No.  2:20-cv-1003 KJM KJN P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel.  Respondent moves to dismiss the petition on the grounds that petitioner's challenge to the 2019 denial of parole fails to state a cognizable federal habeas claim.[1]  Petitioner filed an opposition, and respondent filed a reply.  As set forth below, the undersigned recommends that the motion to dismiss be denied.

II. Background

Petitioner was arrested on June 6, 1989.  (ECF No. 1 at 18.)  Following a jury trial, on April 10, 1991, petitioner was sentenced to 35 years to life with the possibility of parole based on his conviction of second degree murder (15 years to life), plus 20 years due to enhancements.

---

[1] Respondent was relieved of any obligation to respond to petitioner's allegations concerning the 2015 denial of parole because petitioner's prior challenge to the 2015 denial of parole was found barred by the statute of limitations.  Stephen v. Fox, No. 2:19-cv-0528 MCE EFB (E.D. Cal. Feb. 5, 2020).

1

(ECF No. 1 at 2, 11, 18.)  The additional 20 years were based on the following sentencing enhancements:  two years for the personal use of a firearm, 15 years for three prior serious felony convictions, and three years for three prior prison terms.  In re Jimmie Stephen, Petitioner, On Habeas Corpus, Case No. BH011082 (Los Angeles Co. Super. Ct. March 14, 2017).  See Stephen v. Fox, No. 2:19-cv-0528 MCE EFB (ECF No. 14-6 at 1.)[2]

The Board of Parole Hearings (hereafter "Board") set petitioner's base term at 19 years. (ECF No. 1 at 1, 4, 15.)

On December 5, 2019, at an elderly parole hearing, petitioner was denied parole for a period of three years.  (ECF No. 1 at 13, 14.)

III. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (Rule 4 permits meritorious motions to dismiss).  In addition, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus:  on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed.  See, e.g., Miles v. Schwarzenegger, No. 2:07-cv-1360 LKK EFB, 2008 WL 3244143, at *1 (E.D. Cal. Aug.7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim).  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

////

---

[2] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

IV. Is the 2019 Parole Challenge Cognizable?

Petitioner claims that the 2019 decision to find petitioner not suitable for release on parole after he had served 31 years, several years beyond his base term of 19 years, renders his sentence disproportionate in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (ECF No. 1 at 5, 18-56.) Respondent contends such claim is not cognizable because there is no clearly established federal law that failure to find an indeterminately sentenced adult offender suitable for parole renders a sentence disproportionate.

As noted above, the petition should only be dismissed on a motion to dismiss if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. Here, petitioner did not provide a copy of the parole hearing transcript, and respondent argues the merits of petitioner's claim. (See ECF No. 10 at 2-4.) Respondent does not show that the claim is not cognizable in this habeas action. A claim that a sentence is disproportionate to the crime is actionable under the Eighth Amendment. See, e.g., Ewing v. Davis, 538 U.S. 11, 20 (2003) (Eighth Amendment contains a "narrow proportionality principle" that "applies to noncapital sentences." (Citations omitted.)). While it is true that "successful challenges to the proportionality of particular sentences should be exceedingly rare," id. at 22 (citing Hutto v. Davis, 454 U.S. 370, 374 (1982)), "the fact that petitioner may face a high hurdle to succeed on his claim does not mean that he has not stated one." Drakeford v. Lizaraga, 2:17-cv-1571 MCE DB, 2018 WL 1083888, at *1 (E.D. Cal. Feb. 28, 2018), report and recommendation adopted, 2:17-cv-1571 KJM DB, 2018 WL 1693448 (E.D. Cal. Apr. 6, 2018) (denial of parole by the Board on the grounds that it renders sentence so long it violates the Eighth Amendment states a cognizable claim; motion to dismiss denied); Zaccardi v. Arnold, No. 2:17-cv-1405 MCE KJN, 2018 WL 2328886 (E.D. Cal. May 23, 2018) (same). Respondent should be ordered to answer the petition.

V. Request to Take Judicial Notice

In light of the above recommendations, petitioner's request for judicial notice is denied without prejudice.

////

3

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's request for judicial notice (ECF No. 13), construed as a motion, is denied without prejudice.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be denied; and

2. Respondent be directed to file an answer within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 28, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/step1003.mtd.hc.12b6.parole

4