UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>   Petitioner,<br><br>  v.<br><br>WARDEN G. MATTESON,<br><br>   Respondent. | No. 2:20-cv-1003 KJM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner is a state prisoner, proceeding without counsel. On December 9, 2020, the petition filed in 2:20-cv-2315 EFB was filed in this action and construed as petitioner's motion to amend the instant petition.[1] As set forth below, the undersigned recommends that the motion to amend be denied.

I. <u>Background</u>

  In Los Angeles County in 1991, petitioner was sentenced to 35 years to life with the possibility of parole based on his conviction of second degree murder (15 years to life) with enhancements (20 years) as an adult. (ECF No. 18 at 11.) On December 5, 2019, at an elderly

---

[1] To the extent the proposed amended petition also challenges petitioner's 1991 conviction or sentence in the Los Angeles County Superior Court, Case No. A714077, such challenge was adjudicated in <u>Stephen v. Matteson</u>, No. 2:20-cv-2315 EFB (E.D. Cal.) (*See* ECF Nos. 9 & 10). A court may take judicial notice of court records. See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

1 parole hearing, petitioner was denied parole for a period of three years, by the Board of Parole
2 Hearings ("BPH").  (ECF No. 1 at 13, 14.)

II.  Legal Standards

If a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.; Mayle v. Felix, 545 U.S. 644, 656 (2005).  "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error."  Habeas Rule 4, Advisory Committee Notes (1976 Adoption) (internal quotation marks and citation omitted).  Accordingly, the court reviews the proposed amended petition pursuant to its authority under Rule 4.

III.  Is the 2019 Parole Challenge Cognizable?

In his first claim, petitioner appears to challenge the alleged failure of BPH Executive Officer Shaffer to disclose favorable evidence regarding a prison disciplinary matter involving Lt. H. Williams, which petitioner alleges resulted in the December 5, 2019 denial of parole.  (ECF No. 18 at 5.)  In his second claim, petitioner appears to challenge the actions of Shaffer, as well as BPH Commissioner Barton, who presided over the December 5, 2019 parole proceeding, relating to prison discipline involving Williams.[2]  (ECF No. 18 at 5.)

Petitioner's challenges to the 2019 parole denial on the grounds the BPH was biased and made an unsuitability finding that was not supported by the evidence are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011).  In Cooke, the Court explained that a federal habeas court's inquiry into a parole denial is limited to determining

---

[2]  See Transcript of December 5, 2019 Parole Hearing, Stephen v. Matteson, 2:20-cv-2315 EFB (E.D. Cal.) (ECF No. 7).

2

whether the following procedural safeguards were satisfied:  the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Cooke, 562 U.S. at 220 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979).  The Court was "unequivocal in holding that if an inmate seeking parole [received the safeguards under Greenholtz], that should be the beginning and the end of the inquiry into whether the inmate received due process." Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting Cooke, 562 U.S. at 220) (internal quotations, alterations, and ellipsis omitted).

Here, petitioner does not allege that during the 2019 parole hearing he was in any way deprived of the opportunity to speak and contest the evidence against him, or that he was not notified of the reasons why parole was denied.  (ECF No. 18.)  Under Cooke, this court lacks the authority to evaluate claims that exceed the scope of these minimal due process protections.  Accordingly, petitioner's purported parole claims are not cognizable and cannot be considered on federal habeas review.

IV.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to amend the petition (ECF No. 18) be denied, and the proposed amended petition (ECF No. 18) be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may

////

////

waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/step1003.mta.hc