UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN, | No. 2:20-cv-1003 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN G. MATTESON, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On June 10, 2021, petitioner filed motions to strike and for an "order for certification." (ECF Nos. 31, 32.) As discussed below, petitioner's motions are denied.

Motion to Strike

Petitioner's motion is unclear. Initially, he contends respondent's answer was filed "early." (ECF No. 31 at 1.) However, the court's order granted respondent an extension of time to answer "by June 10, 2021." (ECF No. 24.) Nothing in the order precluded the filing of an answer prior to June 10, 2021.

Petitioner also appears to claim that the reasons cited for the request for extension of time filed by respondent were false because the new attorney relied on some of the same reasons as prior counsel, but petitioner also appears to contend that respondent's answer contains some of the same arguments recited in the prior motion to dismiss which was denied. (ECF No. 31.)

Petitioner also contends that the answer is insufficient, and asks the court to strike the answer and enter respondent's default.

Petitioner is advised that this court had jurisdiction to grant respondent's request for extension of time, *nunc pro tunc*, in which to file a responsive pleading. Moreover, "[a]lthough the Rules of Civil Procedure apply in habeas corpus proceedings, see Gonzales v. Crosby, 545 U.S. 524, 529 (2005); see also Fed. R. Civ. P. 81(a)(4), it is improper to issue a default judgment granting a habeas petition." Allen v. Tripp, 2013 WL 1345842, at *1 (D.D.C. Apr. 2, 2013) (first citing Bermudez v. Reid, 733 F.2d 18, 21-22 (2d Cir. 1984); then citing United States v. Brisbane, 729 F. Supp. 2d 99, 107-08 (D.D.C. 2010)); see also Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases."). Rather, because a habeas petition implicates the interest of "the public at large," a court must "ensur[e] that habeas petitions are granted only when the court is satisfied of their merits, on the basis of the best obtainable evidence." Bermudez, 733 F.2d at 22. Thus, petitioner's motion to strike the answer and take respondent's default is denied.

The undersigned finds that petitioner's motion is not well-taken. Respondent filed an answer, and properly addressed petitioner's claim on the merits, rather than through a motion to dismiss. Petitioner may not dictate how opposing counsel addresses petitioner's claims. Rather, petitioner may contest respondent's arguments by filing a traverse or reply.

Motion for Certification

Petitioner's motion for certification is similarly unclear. He references the civil rights statute, 42 U.S.C. § 1983, and "tort claim" in the title of his filing. (ECF No. 32 at 1.) But this action proceeds solely under 28 U.S.C. § 2254. Petitioner cannot obtain civil rights relief through his habeas petition. Petitioner claims that respondent failed to rebut or attack the "statutory maximum," but then cites respondent's motion to dismiss, which was denied. (ECF No. 32 at 1.) To the extent petitioner seeks an order certifying this case for appeal, or, as more appropriately sought in a habeas action, issuing a certificate of appealability referenced in 28 U.S.C. § 2253, petitioner's request is premature. Petitioner has until July 1, 2021, in which to file his traverse or reply to respondent's answer. Then the matter will be submitted for decision. Once the

undersigned issues findings and recommendations, petitioner may file his request for certificate of appealability with his objections, if any, to such findings and recommendations. To the extent petitioner requested a certificate of appealability, his request is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to strike (ECF No. 31) is denied;

2. Petitioner's request for order for certification (ECF No. 32) is denied; and

3. To the extent petitioner requested a certificate of appealability, his request is denied without prejudice.

Dated: June 25, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/step1003.den2