UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN G. MATTESON,<br><br>    Respondent. | No. 2:20-cv-1003 KJM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Petitioner challenges the California Board of Parole Hearings ("Board") decision finding him unsuitable for parole, allegedly resulting in his having served 31 years on a 35 year-to-life sentence, despite the Board setting his base term at 19 years. Petitioner contends such decision resulted in a sentence disproportionate to his crime in violation of the Eighth Amendment. As set forth below, the undersigned recommends that the petition for writ of habeas corpus be denied.

II. Background

Petitioner was arrested for murder on June 6, 1989. (ECF No. 1 at 18.) Following a jury trial, on April 10, 1991, petitioner was sentenced to a total prison term of 35 years-to-life with the possibility of parole based on his conviction of second degree murder (15 years-to-life), plus 20 years due to sentencing enhancements. (ECF No. 1 at 2, 11, 18.) The sentencing enhancements:

were two years for the personal use of a firearm, 15 years for three prior serious felony convictions, plus three years for three prior prison terms. In re Jimmie Stephen, Petitioner, On Habeas Corpus, Case No. BH011082 (Los Angeles Co. Super. Ct. March 14, 2017). See Stephen v. Fox, No. 2:19-cv-0528 MCE EFB (ECF No. 14-6 at 1.)[1]

On November 5, 2015, a parole hearing was held, during which the Board also considered the factors for elderly parole consideration. Case No. 2:19-cv-0528 MCE EFB (ECF No. 1-2 at 144.) Petitioner was denied parole for a period of seven years. Case No. 2:19-cv-0528 MCE EFB (ECF No. 1-2 at 144, 160.)

The Board set petitioner's base term at 19 years. (ECF No. 1 at 15.) On December 5, 2019, petitioner was denied parole for a period of three years. (ECF No. 1 at 13.)

On December 17, 2019, petitioner challenged the 2019 parole denial by filing a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 30 at 7.) Petitioner claimed that the Board set his base term at 19 years, yet failed to find him suitable for parole after he served 31 years in prison, rendering his sentence disproportionate in violation of the Eighth Amendment. (ECF No. 30 at 9; 23; 29-60.) On April 15, 2020, the California Supreme Court summarily denied the petition. (ECF No. 1 at 8.)

Petitioner filed the instant action on May 18, 2020. (ECF No. 1.) On March 31, 2021, respondent's motion to dismiss was denied. Following an extension of time, respondent filed an answer on June 1, 2021. Petitioner filed a timely reply.

III. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). However, courts may look to circuit law "to ascertain whether . . . the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [Supreme Court] cases." Williams v. Taylor, 529 U.S. at 405. A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

The AEDPA statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853 (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)). This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." Richter, 562 U.S. at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

IV. Putative Challenge to 2015 Parole Denial

Petitioner includes references to the 2015 denial of parole, and appears to argue that the 2019 denial of parole "revives" the dismissal of his prior habeas petition challenging the 2015 denial of parole. (ECF No. 1 at 5.) Petitioner is mistaken. As noted above, petitioner's prior challenge to the 2015 parole denial was dismissed as barred by the statute of limitations. Stephen v. Fox, No. 2:19-cv-0528 MCE EFB (E.D. Cal. Feb. 5, 2020).[2] Such dismissal is a decision on the merits. McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (dismissing a habeas petition as untimely is considered a disposition on the merits). Therefore, petitioner cannot revisit the 2015 parole decision in this action.

V. 2019 Parole Challenge

Initially, the undersigned observes that while petitioner's physical confinement continued following the Board's decision, such decision does not alter petitioner's original sentence.

---

[2] Petitioner did not file an appeal.

4

Petitioner was sentenced to 35 years-to-life based on his commitment offense of murder in the second degree and attendant sentencing enhancements. Such sentence contemplates a potential life term in prison. Because petitioner is serving an indeterminate sentence, he might be paroled at some point, but he may also remain incarcerated for the duration of his life term. Prellwitz v. Sisto, 2012 WL 1594153, at *6 (E.D. Cal. May 4, 2012) (rejecting a similar Eighth Amendment claim and holding that "[w]hile petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence."), adopted, (E.D. Cal. July 27, 2012).

Further, to the extent petitioner challenges the Board's 2019 decision, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Harris v. Long, 2012 WL 2061698, at *8 (C.D. Cal. May 10, 2012) ("[T]he Court is unaware of any United States Supreme Court case holding that either the denial of parole and continued confinement of a prisoner pursuant to a valid indeterminate life sentence, . . . constitutes cruel and unusual punishment in violation of the Eighth Amendment."), adopted, 2012 WL 2061695 (C.D. Cal. June 6, 2012); Rosales v. Carey, 2011 WL 3319576, at *8 (E.D. Cal. Aug.1, 2011) ("[T]he Ninth Circuit has said that any emotional trauma from dashed expectations concerning parole 'does not offend the standards of decency in modern society.'") (quoting Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir.1985)), adopted, (E.D. Cal. Sept. 29, 2011).

   A. In re Rodriguez

Petitioner argues that the Board failed to set a primary term as required by In re Rodriguez, 14 Cal. 3d 639, 652 (1975), but such argument fails to state a viable claim for relief. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 502 U.S. at 67-68; Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"). This includes the interpretation or application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a

deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law"). Accordingly, to the extent petitioner alleges that the state failed to follow or inappropriately applied state laws, his claims for relief fail.

In any event, the requirements of Rodriguez do not apply to petitioner's case. With respect to Rodriguez' requirement that the Board set a maximum term for indeterminately sentenced prisoners, this requirement applied to prisoners sentenced prior to the state's 1976 adoption of "a mostly 'determinate' sentencing regime," and "was *not* constitutionally required for the 'narrower category' of serious offenders who receive indeterminate sentences under current law." In re Butler, 4 Cal. 5th 728, 733, 744-45 (Cal. 2018) (citing In re Dannenberg, 34 Cal. 4th 1061, 1077-78, 1097 (Cal. 2005)). Petitioner committed his offense in 1989 and was convicted and sentenced in 1991, after the change in the state's sentencing laws. The California Supreme Court subsequently held that the Board is no longer required to set base and adjusted base terms because changes in the state sentencing law "dictate that base terms no longer directly control the release date for prisoners subject to indeterminate sentences." Butler, 4 Cal. 5th at 747. Further, even if base and adjusted base terms were still required, "base term calculations were designed to set forth an inmate's *minimum* sentence, not to reflect the maximum sentence permitted by the Constitution." Id. at 746.

To the extent petitioner contends that the failure to release him violated his due process rights and the Eight Amendment's prohibition of cruel and unusual punishment because he has served more than the nineteen-year base term set by the Board, petitioner fails to state a claim.

B. Eighth Amendment Claim

1. Eighth Amendment Standards

The Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments." U.S. Const. amend. VIII. A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980). However, the precise contours of this principle are unclear, and successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277,

289-90 (1983). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (citing Solem, 463 U.S. at 288, 303).

2. Discussion

The California Supreme Court's denial of this claim cannot be considered objectively unreasonable in light of clearly established federal law. In Harmelin, 501 U.S. at 961, 994-96, the U.S. Supreme Court upheld a mandatory sentence of life without the possibility of parole for a defendant convicted of possessing cocaine, although it was his first felony offense.[3] Despite petitioner's recidivism, his sentence includes a possibility of parole, and his offense was violent, including the use of a firearm. No Supreme Court precedent has found a sentence like petitioner's, for a similar crime, to be one of the rare cases that is "grossly disproportionate" in violation of the Eighth Amendment. Without such precedent, federal habeas relief is barred by section 2254(d), because the state court's judgment could not have unreasonably applied the Supreme Court's disproportionality jurisprudence. If a life without parole sentence for non-violent drug offenses does not offend the Constitution, then it cannot be objectively unreasonable to conclude that 35 years-to-life for second degree murder does not offend the Constitution. See also United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) ("Under Harmelin, it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment." (citing Harmelin, 501 U.S. at 1005)).

Even assuming, *arguendo*, the court reviewed petitioner's claim de novo, petitioner fails to demonstrate that the disproportionality in his case exceeds that in Harmelin. Further, "[a] punishment within legislatively mandated guidelines is presumptively valid." United States v.

---

[3] In the context of recidivist sentencing, the Court has upheld life sentences even for non-violent property crimes. See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); Ewing v. California, 538 U.S. 11 (2003) (upholding indeterminate life sentence for grand theft, under California's "three-strikes" statute); Lockyer, 538 U.S. at 77 (affirmance of "three strikes" life sentence for petty theft not objectively unreasonable under clearly established federal law).

7

Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (citing Rummel, 445 U.S. at 272. "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on [E]ighth [A]mendment grounds." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990). Petitioner's sentence was authorized by California law, and was not grossly disproportionate to his offense. Therefore, petitioner's Eighth Amendment claim should be denied under any standard of review.

VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that the application for a petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/step1003.157