UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jimmie Stephen,<br><br>    Petitioner,<br><br>    v.<br><br>Warden G. Matteson,<br><br>    Respondent. | No.  2:20-cv-1003-KJM-KJN<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 12, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  Petitioner filed objections to the findings and recommendations.  Respondent filed a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

/////

/////

1

In addition, as noted by respondent, petitioner attempts to raise in his objections, for the first time, two new claims for relief: (1) petitioner suffers "excessive confinement for profit" by "intentionally prolonged sentences in violation of 18 U.S.C. §§ 196X-68 [federal racketeering laws]" and the Eighth Amendment; and (2) black inmates are "enslaved by the Board" and imprisoned longer than other inmates. *See* ECF No. 36 at 5, 7–8. Petitioner did not raise these claims in his habeas petition.

This court has discretion to consider new claims raised for the first time in objections to Findings and Recommendations. *See Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (court has discretion to refuse to consider new arguments raised in objections to recommendations); *United States v. Howell*, 231 F.3d 615, 621–23 (9th Cir. 2000) (district court may refuse to consider factual allegations raised for first time in objections to recommendations when petitioner could have made them earlier but elected not to do so).

The court declines to exercise such discretion. First, petitioner gives no reason for his failure to present such claims in his petition. Absent any explanation, it appears petitioner could have raised the claims earlier and did not. *Cf. Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). Second, the proposed new claims appear to be unexhausted, and therefore could not provide a basis for habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) (a federal court will not grant habeas relief to a petitioner held in state custody unless he or she has exhausted the available state remedies). In addition, petitioner has not cited any clearly established federal law that would provide relief based on the proposed new claims.

Accordingly, it is hereby **ordered** that:

1. The findings and recommendations filed July 12, 2021, are adopted in full;
2. The application for a petition for writ of habeas corpus is denied; and
3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: June 28, 2022.

CHIEF UNITED STATES DISTRICT JUDGE