UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jimmie Stephen, | No. 2:20-cv-1003-KJM-KJN |
| Petitioner, | ORDER |
| v. | |
| Warden G. Matteson, | |
| Respondent. | |

Petitioner Jimmie Stephen moves this court to reconsider its order adopting the magistrate judge's findings and recommendations and entering judgment in this case. *See generally* Mot. Recons., ECF No. 43. Stephen moved for reconsideration eleven days after this court entered judgment, so Federal Rule of Civil Procedure 59(e) applies. *See* Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Stephen does not present this court with new evidence, argue the court committed clear error, or point to an intervening change in controlling law; Stephen instead argues the court is required to stay his case while he exhausts claims he did not raise in his habeas petition. *See* Mot.

1

Recons. at 1–2 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).  Stephen does not explain why he failed to exhaust these claims, and as the court noted in its previous order Stephen "has not cited any clearly established federal law that would provide relief based on the proposed new claims." Order at 2.  The court **denies** Stephen's motion for reconsideration.  *See Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner ha[s] good cause for [failing to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").  This case is **closed**.

    IT IS SO ORDERED.

DATED:  August 30, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE